IN THE UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2009 MAR 12 PM 1:28

CLERK _L. Flbader_
SO. DIST. OF GA.

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

ROBERT LEWIS MURRAY,      )
                          )
         Plaintiff,       )
                          )
    v.                    )      CV 108-162
                          )
JERRY HACKNEY, Wilkes County Jail  )
Administrator, and MIKE SISSOR, Sheriff, )
                          )
         Defendants.      )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate detained at the Wilkes County Jail, located in Washington, Georgia when this action commenced, filed the above-captioned civil rights case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On January 16, 2009, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees form within thirty (30) days, cautioning him that failure to respond could result in the dismissal of this case. (Doc. no. 5). This time period has expired, yet Plaintiff has failed to provide a properly completed Prisoner Trust Fund Account Statement or a signed Consent to Collection of Fees. Nor has Plaintiff offered any explanation for his failure to comply with the Court's Order. Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002)

(*per curiam*) (citing 28 U.S.C. § 1915).

Moreover, Plaintiff's service copy of the Court's Order was returned and marked "Undeliverable" and "Refused." (See doc. no. 6). Thus, in addition to failing to comply with the Court's instructions, it appears Plaintiff is still at the Wilkes County Jail, but he is refusing to accept the Court's Order. Plaintiff's refusal to accept the Court's Order has the effect of saddling the Court with a stagnant case.

The Eleventh Circuit has stated that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., ___ F.3d ___, No. 07-11342, 2009 WL 250601, at *4 (11th Cir. Feb. 4, 2009) (quoting Chambers v. Nasco, Inc., 501 U.S. 32, 43 (1991)). This authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Id. (citing Fed. R. Civ. P. 41(b)); see also Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970)[1] ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c).

The test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice."

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985). Here, Plaintiff's failure to comply with the Court's Order or failure to accept the Court's Order, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. Furthermore, because Plaintiff sought permission to proceed *in forma pauperis*, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

However, the Court recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[2] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993); Dickson v. Ga. State Bd. of Pardons & Paroles, No. 1:06-CV-1310-JTC, 2007 WL 2904168, at *6 (N.D. Ga. Oct. 3, 2007). Thus, the Court is not persuaded that it would be appropriate to dismiss the instant action with prejudice. The Court is not permanently barring Plaintiff from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Plaintiff is willing to file his case and pursue it.

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this case be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of March, 2009, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2]Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).